UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NEWARK AVENUE CENTER
ASSOCIATES, L.P.,

    **Plaintiff,**

v.

JIN FANG DONG, JIAN KUI LIN also
known as LIN JAIN-KUI

    **Defendants.**

Civ. No. 2:25-cv-14474 (WJM)

OPINION

In this action, Plaintiff Newark Avenue Center Associates, L.P. ("Plaintiff") asserts claims for quantum meruit/unjust enrichment and a book account against *pro se* Defendants Jin Fang Dong ("J. Dong") and Jian Kui Lin ("Lin"), also known as Lin Jain-Kui, (jointly "Defendants"). Defendants move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction and 12(b)(5) for insufficient service of process. ECF No. 4. Plaintiff cross moves for an adjudication that Defendants were properly served. ECF No. 6. The Court decides the matter without oral argument. Fed. R. Civ. P. 78(b). For the reasons below, Defendants' motion to dismiss is **GRANTED**. Plaintiff's cross motion is **DENIED AS MOOT**.

I.     **BACKGROUND**

Plaintiff, a New Jersey Limited Partnership with a business address in New Jersey, is the landlord and owner of the Shopping Center located in Elizabeth, New Jersey. Compl. ¶ 1. Defendants reside in New York.[1] On or about October 19, 1998, Defendant Lin and Yong Hui Dong ("Y. Dong") entered into a ten-year written lease for the use of space within the Shopping Center ("the Lease"). *Id.* ¶ 2, Cert. of Joseph A. Molinaro ("Molinaro Cert."), Ex. F, ECF No. 6-8. That same date, Lin executed a personal guarantee of the obligations of the Lease ("Guarantee"). *Id.* ¶ 4; Molinaro Cert., Ex. E, ECF No. 6-7. That Guarantee contains a forum selection clause that states: "This Guarantee shall be governed by, interpreted under the laws of, and enforce[d] in the courts of the State of New Jersey." Guarantee, at 3.

The Lease has three riders that extended the obligations of the Lease, including the final rider that extended the Lease until May 31, 2021. Compl. ¶ 5. By agreement dated

---

[1] In its Complaint, Plaintiff pleads that Lin resides in Plainfield, New Jersey, but now contends that was a typographical error because the Plainfield address is a commercial property. Plaintiff believes Lin is J. Dong's spouse and that they reside together in Flushing, New York. Pl. Opp'n Br. at 2, n. 1.

1

September 26, 2002, Y. Dong and Lin (with Plaintiff's consent) assigned the Lease to Defendant J. Dong and released Y. Dong from liability ("Lease Assignment"). Molinaro Cert., Ex. G, ECF No. 6-9, ¶ 4(a).

Defendant J. Dong remained in occupancy through early 2021 but purportedly failed to pay rent and other charges due under the Lease and subsequent riders. *Id.* ¶ 6. Plaintiff alleges that Lin's personal guarantee obligations were preserved under the Lease Assignment and seeks from Defendants $148,206.66, exclusive of pre-judgment and post judgment legal interest, statutory and/or contract legal fees and costs. *Id.* ¶¶ 6, 8.

## II. DISCUSSION

### A. Rule 12(b)(6) Motion to Dismiss[2]

#### 1. *Applicable Standard*

Although Defendants move to dismiss under the Federal Rules of Civil Procedure Rule 12(b)(2), they do not contest that diversity jurisdiction exists. *See* 28 U.S.C. § 1332. Instead, they argue that suit in federal court is improper because of the forum selection clause in the Guarantee. Thus, the Court will construe the motion to dismiss as one brought pursuant to Rule 12(b)(6). *See Wall Street Aubrey Golf, LLC v. Aubrey*, 189 F. App'x 82 (3d Cir. 2006) (applying 12(b)(6) to enforce forum selection clause specifying non-federal forum); *Salovaara v. Jackson Nat. Life Ins. Co.*, 246 F.3d 289, 298 (3d Cir. 2001) ("[Rule] 12(b)(6) dismissal is a permissible means of enforcing a forum selection clause …").

Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). Dismissal is appropriate only if, accepting all the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). This assumption of truth is inapplicable, however, to legal conclusions couched as factual allegations or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Thus, the

---

[2] *Pro se* litigants must comply with both court orders and the Federal Rules of Civil Procedure, *Lynn v. Sec'y, Dep't of Def.*, 431 F. App'x 147, 150 (3d Cir. 2011), but are "generally not held to the same technical standards of pleading and motion practice as those with legal training …" *Hester v. Curione*, No. 85-3994, 1986 WL 1888, at *2 (E.D. Pa. Feb. 12, 1986).

2

factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, *see id.* at 570, such that the court may "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a probability requirement' ... it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

In deciding a motion to dismiss, a court "may not consider matters extraneous to the pleadings" except when they are "*integral to or explicitly relied* upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997); *see also Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (noting court may rely on "only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record."). Because the Complaint expressly refers to the Lease Agreement, the Guarantee, as well as the riders to the Lease, the Court may consider those documents without converting the motion to one for summary judgment. *See, e.g.*, Compl. ¶¶ 3-5.

### 2. Forum Selection Clause

As a threshold matter, the Court must determine whether the forum selection clause at issue is mandatory or permissive. A "forum selection clause is enforceable only if it is mandatory." *Nitterhouse Concrete Prod., Inc. v. Dobco Grp., Inc.*, 305 F. Supp. 3d 580, 587 (D.N.J. 2018); *see Wall Street Aubrey Golf*, 189 Fed. App'x at 86. "A mandatory forum selection 'identifies a particular state or court as having *exclusive* jurisdiction over disputes arising out of parties' contract and their contractual relationship.'" *Asphalt Paving Sys., Inc. v. Gen. Combustion Corp.*, 2015 WL 167378, at *5 (D.N.J. Jan. 13, 2015) (emphasis added) (citing *Int'l Bus. Software Solutions, Inc. v. Sail Labs Tech.*, 440 F. Supp.2d 357, 363 n. 1 (D.N.J. 2006)). Mandatory forum selection clauses are entitled to great weight, are presumptively valid, and will be enforced absent a showing by the objecting party "(1) that it is the result of fraud or overreaching, (2) that enforcement would violate a strong public policy of the forum, or (3) that enforcement would in the particular circumstances of the case result in a litigation in a jurisdiction so seriously inconvenient as to be unreasonable." *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 202 (3d Cir.1983), *cert. denied*, 464 U.S. 938 (1983), *overruled on other grounds by Lauro Lines v. Chasser*, 490 U.S. 495 (1989)); *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tx.*, 571 U.S. 49, 63, 64 (2013) ("a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases" (citation and internal quotes omitted)). In contrast, a permissive forum selection clause, "'merely specifies the court empowered to hear litigation' and, in effect, 'allows parties to air any dispute in that court without requiring them to do so.'" *Asphalt Paving*, 2015 WL 167378, at *5 (citing *Int'l Bus. Software Solutions*, 440 F. Supp.2d at 363 n. 2).

Plaintiff is correct that the term "exclusive" or "sole" jurisdiction is absent from the forum selection clause; however, the Guarantee provides it "*shall* be governed by,

3

interpreted under the laws of, and enforce[d] in the courts of the State of New Jersey." The "inclusion of the word 'shall' sufficiently evinces a forum selection clause's mandatory nature." *Asphalt Paving,* 2015 WL 167378, at *5; *see also Union Steel America Co. v. M/V Sanko Spruce,* 14 F. Supp. 2d 682, 687 (D.N.J. 1998) (finding clause that states any dispute "*shall* be decided" in the forum specified is mandatory and exclusive).

Moreover, the term "shall" does not refer solely to what law governs but also applies to the other two past participles "interpreted" and "enforced." Thus, the law that governs and interprets the Guarantee as well as the forum where it is enforced are all mandatory. *See Wall St. Aubrey Golf,* 189 F. App'x at 86 ("[W]e cannot read the subordinate venue provision in isolation from the preceding mandatory clause: the mandatory 'shall' in '[t]his Lease *shall* be construed in accordance with [Pennsylvania law]' necessarily encompasses the latter 'with venue laid in Butler County.'").

Next, the Guarantee's required enforcement "in the courts of the State of New Jersey" mandates venue in New Jersey state court. *See New Jersey v. Merrill Lynch & Co.,* 640 F.3d 545, 549-50 (3d Cir. 2011) (affirming that forum selection clause that provides for exclusive jurisdiction in "courts *of* the State [of] New Jersey" memorializes intent to litigate all contractual disputes in New Jersey state courts) (emphasis added). "The Fifth Circuit put it more pithily: 'Federal district courts may be *in* [a state], but they are not *of* [that state].'" *Id.* at 549 (citing *Dixon v. TSE Int'l Inc.,* 330 F.3d 396, 398 (5th Cir. 2003) (per curiam)). In sum, the forum selection clause in the Guarantee is mandatory and exclusive.

Finally, although the Guarantee is signed only by Lin, Defendant J. Dong is bound by the forum selection clause. To start, given that Lin's Guarantee relates to J. Dong's obligations under the Lease, the claims against both Defendants are inextricably linked. *See Demodulation, Inc. v. Applied DNA Sciences, Inc.,* No. 11-0296, 2011 WL 6756069, at *2–3 (D.N.J. Dec. 22, 2011) (holding that where forum selection clause in confidentiality agreement was executed by plaintiff and only one of several defendants, counts must be filed against all defendants in one pleading and in one forum given that plaintiff's claims against all defendants were "inextricably intertwined"); *see also Cambridge Mgmt. Grp., LLC v. Baker,* No. 12-3577, 2013 WL 1314734, at *8 (D.N.J. Mar. 28, 2013) ("[F]ederal courts have recognized that a range of transaction participants, parties and non-parties, should benefit from and be subject to forum selection clauses." (cleaned up)). Moreover, J. Dong is arguably an intended third-party beneficiary of the Guarantee. *See Coastal Steel Corp.,* 709 F.2d at 204 (finding forum selection clause may be enforced against third-party beneficiary); *In re McGraw-Hill Glob. Educ. Holdings LLC,* 909 F.3d 48, 59 (3d Cir. 2018) ("Under traditional principles of contract law, non-signatories may be bound by a forum selection clause if they are intended third-party beneficiaries of the contract, or if they are closely related parties."). Therefore, J. Dong is subject to the forum selection clause.

4

The party opposing enforcement of a forum selection clause bears a "heavy burden of proof." *M/S Bremen v. Zapata Offshore Co.,* 407 U.S. 1, 17, 19 (1972)). In this case, Plaintiff has not shown or even argued that the mandatory forum selection clause was the result of fraud, that it violates New Jersey's public policy, or that enforcement would be so inconvenient as to be unreasonable. Accordingly, the forum selection clause will be enforced. But because the contractually agreed venue is a non-federal forum, "dismissal is the sole option." *Wall Street Aubrey Golf,* 189 F. App'x at 87; *Salovaara,* 246 F.3d at 298 (noting that when forum selection clause only specifies non-federal forum, "it seems the district court would have no choice but to dismiss the action so it can be filed in the appropriate forum …"). Defendants' motion to dismiss is **granted**. Plaintiff's Complaint is dismissed without prejudice so that Plaintiff may file suit in the appropriate state court of New Jersey.

### B. Rule 12(b)(5) Motion to Dismiss

In view of the decision above, the Court does not reach the issue of whether Defendants were properly served. Plaintiff's cross motion to dismiss for insufficient service of process is **denied as moot**.

### III. CONCLUSION

For the reasons discussed herein, Defendants' motion to dismiss pursuant to 12(b)(6) is **granted**. An appropriate Order follows.

WILLIAM J. MARTINI, U.S.D.J.

Date: December 8, 2025

5